**Roger SMITH, Plaintiff,**

v.

**EXPERT AUTOMATION, INC., Sub Lamson & Sessions Co., and UAW Local 155, Defendants.**

**Civ. A. No. 87–0001.**

United States District Court, E.D. Michigan, S.D.

Dec. 20, 1988.

Donald E. Lewis, Donald E. Lewis, P.C., Southfield, Mich., for plaintiff.

Laura J. Campbell, Jorden Rossen, Legal Dept., UAW, Detroit, Mich., William M. Mazey, Rothe, Mazey, Southfield, Mich., for defendant UAW.

Gary P. King, Gail O'Grien, Keller, Thoma, Detroit, Mich., for defendant Expert Automation.

MEMORANDUM OPINION
AND ORDER

JAMES HARVEY, District Judge.

This matter is before the Court on both defendants' motions for summary judg-

ment. On March 3, 1988, the Court issued a memorandum opinion and order denying similar motions on the basis of existing issues of material fact. As the parties have supplied additional factual material both in support of and in opposition to these summary judgment motions, the Court now reconsiders its earlier decision.

## I.

The factual background required for resolution of this dispute is brief. The plaintiff filed a "hybrid" section 301 claim with the Macomb County Circuit Court on September 30, 1986, which was subsequently removed to this Court. The claim arose from an alleged breach by the defendant Expert Automation of the seniority provisions of the collective bargaining agreement pertinent to both defendants, and the subsequent refusal by the defendant Union to arbitrate the plaintiff's grievance. Since the decision to drop the grievance occurred in March of 1984, and since the plaintiff was apprised of the Union Executive Board's concurrence in this decision on May 17, 1984, the defendants argue that the plaintiff is barred from bringing suit under the applicable six-month limitations period. 29 U.S.C. § 160. Plaintiff asserts that his pursuance of internal union remedies prior to filing his complaint tolled the statute of limitations, and therefore this action is timely. For the reasons that follow, the Court finds that due to the nature of the intra-union procedure, as well as the terms of the collective bargaining agreement, the defendants' motions must be granted based upon the expiration of the limitations period.

## II.

Resolution of this matter requires analogy to related issues involving hybrid § 301 claims. To date, the Court is unable to locate controlling authority directly on point. As discussed in the order of March 3, 1988, the Supreme Court's opinion in *Clayton v. United Auto Workers*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981), provides some guidance. In *Clayton*, the Supreme Court held that a plaintiff need not exhaust intra-union remedies prior to filing suit if they "cannot result in reactivation of the employee's grievance or an award of the complete relief sought in his § 301 suit." 451 U.S. at 685, 101 S.Ct. at 2093. This finding reflects the national policy promoting the swift resolution of labor disputes. *See Dunleavy v. Local 1617, United Steelworkers of America*, 814 F.2d. 1087, 1089 (6th Cir.1987). This policy must, however, be tempered by the concurrent desire to encourage "the self-governance of labor organizations through the development of internal procedures...." *Id.* Thus, the central question in the current context is whether *Clayton* stands for the proposition that when a plaintiff is not required to exhaust internal union remedies, the same remedies are unavailable for purposes of tolling the hybrid § 301 statute of limitations.

Ignoring, for the time being, any available case precedent, common sense suggests that the limitations period should not be tolled during a plaintiff's exercise of optional union remedies. Allowing such a result would involve granting plaintiffs power to control § 301 litigation to a degree not likely contemplated when the statutes were enacted. That is, a plaintiff could opt for an internal procedure insufficient to conclude in complete relief, and dependant upon the outcome, either relitigate the entire dispute or simply seek a judicial determination of the issue omitted from the union proceeding. Obviously, such a system is contrary to a policy favoring speedy resolution of labor disputes. Yet precedent does exist that makes resolution of this issue difficult.

In *Dunleavy, supra*, the Sixth Circuit allowed the tolling of the statute of limitations, during the pendency of intra-union proceedings, in an action involving the Labor–Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411 *et seq.* While comparisons are made in *Dunleavy* between the LMRDA and § 301, this Court believes the most relevant finding in *Dunleavy* involved the policy supporting self-governance. The *Dunleavy* dispute concerned alleged violations of the Internal Union Constitution and Local Union By–

Laws. In deciding what it termed a close question, the court concluded that as between the need for speedy resolution of labor matters and the promotion of internal grievance procedures, the internal remedy policy controlled given the facts of the case. "The need for self-governance is most clearly in focus where, as in the present case, the complaint alleges wrongdoing in internal affairs." *Dunleavy,* 814 F.2d at 1090.

No allegations of wrongdoing in internal affairs exist in the case at hand. The focus of the dispute concerns the collective bargaining agreement defining the union and employer's relationship. While it is conceivable that the decision to drop a grievance involves internal union affairs, such a decision is inevitably based on a union's interpretation of facts in light of a labor contract. This situation is therefore unlike that found in *Dunleavy.* Given this, and the absence of any binding authority to the contrary, the Court holds that the statute of limitations in hybrid § 301 actions is not tolled during the resolution of optional internal union proceedings.

### III.

■ The inquiry next shifts to whether the internal union proceedings at issue were mandatory under the *Clayton* test. Our opinion of March 3, 1988, established that reactivation of the grievance was no longer available to the plaintiff at the time he initiated the intra-union appeal. The Court is left, therefore, with deciding whether the union procedure could provide the plaintiff with complete relief. At the issuance of the first opinion in this case, none of the parties had supplied adequate information regarding the relief available upon successful intra-union appeal. The Court has since obtained the necessary information, and because the material facts are not at issue, may now resolve this question as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The plaintiff, by his complaint, asks for lost wages, fringe benefits, attorney's fees, and costs. Thus, the plaintiff argues that

since the Public Review Board (PRB), the ultimate entity in the intra-union appeals procedure, is empowered to award damages, the internal remedy offered complete relief. The statute of limitations should, therefore, be equitably tolled.

The difficulty the Court has with this position involves the deposition testimony of the plaintiff. When questioned about the remedies sought at grievance, the plaintiff admitted that reinstatement to his job was included. Dep. Tr. at 49–50. This admission raises a conflict of equities. On the one hand, plaintiff suggests that equity should intervene to prevent the foreclosure of his right to bring suit in this Court; at the same time, however, plaintiff would ask the Court to ignore the omission from his complaint of a request for reinstatement. Regardless of the plaintiff's intent, if any, the Court believes that the plaintiff should be estopped from denying that the relief desired at the time he elected to pursue internal union remedies included reinstatement. This represents the logical time period for ascertaining the adequacy of intra-union remedies. This conclusion is consistent with this Court's earlier discussion respecting the dangers of providing plaintiffs with excess control over labor litigation.

Finally, the Court must ascertain whether the defendant-union had the authority to direct the plaintiff's reinstatement to his position. In this regard, this case is nearly on point with *Clayton, supra.* Just as in *Clayton,* the collective bargaining agreement in the present case provides that a failure to appeal by the union results in the extinguishment of the grievance procedure. *Clayton,* 451 U.S. at 691, 101 S.Ct. at 2096. Given that the grievance is extinguished due to the defendant-union's failure to appeal the defendant-employer's determination or pursue arbitration, the only remaining inquiry involves the agreement itself. A review of the document uncovers no provision empowering the union to order reinstatement of an employee subsequent to internal union procedures. On these bases, then, the Court finds that the plaintiff could neither have reactivated his

grievance nor obtained complete relief through intra-union proceedings, and therefore, since the intra-union remedies are optional, the case must be dismissed as untimely under the applicable statute of limitations.

### IV.

Based upon the foregoing, the Court GRANTS the defendants' motion for summary judgment on the basis of the expiration of the relevant statute of limitations.

IT IS SO ORDERED.