**Carol ROBINSON, Plaintiff,**

v.

**The CENTRAL BRASS MANUFACTURING COMPANY, et al., Defendants.**

**No. 1:90CV1949.**

United States District Court,
N.D. Ohio, E.D.

April 11, 1991.

As Corrected Nunc Pro Tunc
April 17, 1991.

Mark D. McGraw, Cleveland, OH, for plaintiff.

Mark Webber, Carol E. Cormary, Bernard S. Goldfarb, Cleveland, OH, for defendant Central Brass Mfg. Co.

Betty E. Grdina, Ashtabula, OH, for the Union.

## MEMORANDUM AND ORDER

WHITE, District Judge.

This action arises under Section 301 of the Labor Management Relations Act, 29 U.S.C.

§ 185; Title *VII* of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1870, 42 U.S.C. § 1981 and includes a state pendent claim under Ohio Revised Code Section 4123.90. The plaintiff alleges that the defendant Central Brass Manufacturing Company (Company) breached its collective bargaining agreement and that the defendant International Union, United Automobile, Aerospace and Agriculture Workers of America Local No. 1196 (Union) breached its duty of fair representation concerning plaintiff's discharge from employment. She also claims she was discharged because of her race and that she was terminated for filing a workers' compensation claim. The defendant Company filed a motion for summary judgment arguing that the plaintiff's Labor, Title *VII* and state claims are barred by the statute of limitations and plaintiff has not stated a cause of action under § 1981.

The United States Supreme Court held in *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), that claims for breach of contract against an employer and breach of duty of fair representation against a union are subject to the six months statute of limitations applicable to unfair labor practice claims under Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). The action accrues when the plaintiff discovers or in the exercise of reasonable diligence should have discovered the acts constituting the violation. *Adkins v. International Union of Electrical, Radio and Machine Workers*, 769 F.2d 330, 335 (6th Cir.1985). It has been held that the six month statute of limitations is tolled during the time when internal union remedies are being pursued. *Frandsen v. Brotherhood of Railway, Airline & Steamship Clerks*, 782 F.2d 674 (7th Cir. 1986); *Walker v. Teamsters Local 71*, 714 F.Supp. 178, 188 (W.D.N.C.1989).

Plaintiff states that she received a letter from the Union informing her that the Bargaining Committee decided that her grievance had no merit and should not be advanced to arbitration and that she had the right to appeal this decision under the Local No. 1196 By–Laws, Article 16. Article 16 of the By–Laws provides:

Section 1—Any member of this Local Union shall have the right to appeal. (Note: See Article 33 of the International Constitution).

Section 2—Any member of the Local Union, after first having exhausted every appeal step within the Local Union, may appeal from any action, decision or penalty to the International Executive Board and to the International Convention. However, the decision of the Local Union must be complied with and shall remain in effect until reversed or modified.

Section 3—In no case shall a member appeal to a court or governmental agency for redress until he has exhausted his rights of appeal under the laws of the International Union and the By–Laws of this Local Union. Any violation thereof shall be cause for summary suspension or expulsion by the International Executive Board insofar as imposition of any such penalty is not inconsistent with any applicable laws.

Plaintiff appealed as instructed. A hearing was held in May, 1990. As of the present time, plaintiff has not received notice of a decision of her appeal.

The grievance procedure in the collective bargaining agreement provides in paragraph g,

"In the event a grievance is not filed or processed within the time limits set forth in Paragraphs a, b, c, e and f above, it shall be barred from further processing in the grievance and arbitration procedures."

Plaintiff's next step in the grievance procedure would have been pursuant to paragraph f requiring that arbitration must be requested within 10 working days from the Company's written answer in paragraph e. In other words the Union told the plaintiff her grievance was terminated as far as the Union was concerned but she could appeal this decision if she desired. However, the provision of the collective bargaining agreement bars her from processing her grievance any further.

■ *Clayton v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981), dealt with the issue of the requirement of exhaustion of union remedies as prerequisite to filing a lawsuit. The Court held that where an internal union appeals procedure cannot result in reactivation of the employee's grievance or an award of complete relief, such as reinstatement, exhaustion will not be required with respect to a suit against the employer or the Union. *Id.* 451 U.S. at 685, 101 S.Ct. at 2093. In *Clayton,* the Court was asked to require exhaustion of internal union procedures. The procedures were created by the union and were not bargained for by the employer and union and were not mentioned in the collective bargaining agreement. The same facts apply to the case at bar. The Court in *Clayton* ruled that requiring exhaustion under those circumstances would be futile. The Court also disagreed with the union's argument that even if exhaustion is not required with respect to the employer it should be required with respect to union remedies. Since the plaintiff was suing the employer as well as the union exhaustion should not be required because the Court would have to resolve two undesirable alternatives. If it stayed the action against the employer while the internal union appeals were being resolved it would actually be requiring exhaustion with respect to the employer, a result the Court ruled would violate national policy. If it permitted the action to proceed against the employer and tolled the statute of limitations as to the union until the union procedures had been exhausted, there could be two § 301 suits based on the same facts proceeding at different paces. So the Court decided the best procedure would be to allow the § 301 action to proceed against the employer and the Union despite the plaintiff's failure to exhaust internal union remedies.

Based on *Clayton* defendant Company argues that plaintiff did not have to exhaust her internal union remedies and should have filed her § 301 action within six months of the time she received notice that the Union would not pursue her grievance.

The Court in *Smith v. Expert Automation, Inc.,* 726 F.Supp. 1080 (E.D.Mich.1988), used the *Clayton* case as guidance in holding that the six months statute of limitations in a hybrid Labor Management Relations Act case is not tolled during the resolution of optional internal union proceedings. The Court noted that common sense suggests that the limitations period should not be tolled when a plaintiff can decide whether to exercise optional union remedies. It was reasoned that if this were allowed a plaintiff could opt for an internal union procedure insufficient to conclude in complete relief, and depending on the outcome, either relitigate the entire dispute or simply seek a judicial determination of the issue omitted from the union proceeding. This would be contrary to the public policy of favoring speedy resolution of labor disputes. *Id.* at 1081.

As previously stated, plaintiff's Union appeal could not have resulted in reinstatement of her grievance or reinstatement to her job. The letter she received from the Union informing her that her grievance would not be advanced to arbitration advised that she may appeal that decision under the Union By-Laws. The appeal was optional, not mandatory. The statute of limitations was not tolled. Therefore, the Company's motion to dismiss the § 301 claim is granted.

■ The plaintiff has not responded to defendant's remaining arguments. Title *VII* requires that an action be filed with the federal court within 90 days from receipt of the notice of right to sue from the EEOC. 42 U.S.C. § 2000e–5(f). This is not a jurisdictional prerequisite to filing a suit, but is analogous to a statute of limitations which is subject to waiver, estoppel and equitable tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Ruiz v. Shelby County Sheriff's Department,* 725 F.2d 388, 390 (6th Cir.1984). Plaintiff has not argued that the statute of limitations is tolled or that equitable estoppel applies as to her Title *VII* claim. The evidence before the Court shows that defendant received notice of right to sue in February, 1990. Plaintiff should have received notice about that time. The action

was filed October 24, 1990. In order to have filed within 90 days from the receipt of the notice of right to sue, the notice must have been received after July 26, 1990. Plaintiff is silent in this regard despite having benefit of defendant's argument and also failed to answer a request for admission on this question.[1] Plaintiff could not claim to be relying on Article 16 of the By–Laws because she filed her EEOC charge in February, 1990 after she received the notice of right to appeal the denial of her grievance that included the letter warning her not to appeal to a government agency while her appeal was pending. Also, the Title *VII* case is a separate claim to which the Article 16 provisions have no application.

Plaintiff's fourth cause of action alleges that plaintiff was wrongfully terminated for filing a workers' compensation claim in violation of Ohio Revised Code Section 4123.-90. Ohio Revised Code Section 4123.90 provides in pertinent part:

> "No employer shall discharge ... or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment.... The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge ... or punitive action taken, and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge ... or punitive action taken."

Defendant has never received the required notice, nor was the action filed within 180 days from the date of discharge. Therefore, summary judgment must be granted on the state pendent claim.

A cause of action for race discrimination under 42 U.S.C. § 1981 was also included. The United States Supreme Court in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), held that § 1981 protects the right to make and enforce contracts. But the right to make contracts extends only to the formation of a contract and not to problems that may arise during the employment. *Id.* at 177, 109 S.Ct. at 2373. Section 1981 also protects against efforts to impede access to the Courts or obstruct nonjudicial methods of adjudicating disputes. *Id.* Plaintiff's claim involves conduct after the formation of the employment relationship. It does not involve the impediment of access to the Courts. Plaintiff has not stated the existence of any nonjudicial remedies. The complaint alleges discharge on account of race. Discharge occurs after the formation of a contract and is not protected by § 1981. Discriminatory treatment after one is employed also occurs after the formation of a contract. Plaintiff has not alleged failure to promote her on account of race. *See Overby v. Chevron USA, Inc*, 884 F.2d 470, 473 (9th Cir.1989); *Greggs v. Hillman Distributing Company*, 719 F.Supp. 552, 554 (S.D.Tex.1989); *Copperridge v. Terminal Freight Handling*, 50 FEP Cases 812, 813, 1989 WL 112829 (W.D.Tenn. 1989).

Accordingly, the Company's motion for summary judgment is granted as to all of plaintiff's claims against it.

IT IS SO ORDERED.

---

**1.** Rule 36 of the Federal Rules of Civil Procedure provides that a matter is admitted if not answered.