NOT RECOMMENDED FOR PUBLICATION
File Name: 04a0035n.06
Filed: October 20, 2004

No. 98-3823

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

GREGORY J. COVUCCI, )
                                                      )
      Plaintiff-Appellant, )
                                                      )
v. ) ON APPEAL FROM THE UNITED
                                                      ) STATES DISTRICT COURT FOR THE
SERVICE MERCHANDISE COMPANY, ) NORTHERN DISTRICT OF OHIO
INC. )
                                                      )
      Defendant-Appellee. ) OPINION
                                                      )

**Before: MERRITT, MOORE, and GILMAN, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Gregory J. Covucci appeals the grant of
summary judgment in favor of his former employer, Service Merchandise Company, Inc. The
primary issue on appeal is whether the termination of Covucci's employment constituted unlawful
handicap discrimination under Ohio law. For the reasons set forth below, we **AFFIRM** the
judgment of the district court.

## I. BACKGROUND

Covucci incurred a work-related injury to his back on February 20, 1994 while moving a
stack of plastic patio chairs. Following his injury, he provided his supervisor with a series of
"Excuse from Work" forms signed by his doctor. In June of 1994, Covucci sought permission to
return to work in a light-duty capacity, but Service Merchandise refused to allow him to do so until

a physician authorized his return. The last Excuse from Work form that Covucci presented to Service Merchandise excused him from work through October 4, 1994. This form was followed by a letter from his doctor, stating that "[o]ur physicians will NOT authorize your being out of work beyond 10/30/94."

Covucci remained on leave through January of 1995, even though he did not provide Service Merchandise with any further Excuse from Work forms. On January 30, 1995, a Service Merchandise Human Resources manager sent Covucci a letter, via certified mail, requesting medical documentation of his continued injury. The letter explained that Covucci's employment would be terminated if he did not provide this documentation. Covucci claims that he never received the letter.

On February 28, 1995, Service Merchandise terminated Covucci's employment. The stated reason for his termination was that the company's leave-of-absence policy permits, at most, a one-year separation from work. Covucci then filed suit in state court, claiming that his termination violated Ohio's Handicap Discrimination Statute, Ohio Rev. Code § 4112.02(A). He also contended that his termination violated the public policy embodied in Ohio Rev. Code § 4123.90, which prohibits retaliation against employees who file workers' compensation claims. Service Merchandise removed the case to federal court based on diversity of citizenship. After the completion of discovery, Service Merchandise moved for summary judgment. The district court granted Service Merchandise's motion. Covucci now appeals.

## II. ANALYSIS

## A.     Standard of review

We review a district court's grant of summary judgment de novo. *Therma-Scan, Inc. v. Thermoscan, Inc.*, 295 F.3d 623, 629 (6th Cir. 2002). Summary judgment is proper where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the district court must construe all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## B.     Covucci's claim of handicap discrimination under Ohio Rev. Code § 4112.02(A)

In order to establish a prima facie case of handicap discrimination under Ohio law, a plaintiff must prove that (1) he is handicapped, (2) an adverse employment action was taken by his employer, and (3) even though handicapped, he can safely and substantially perform the essential functions of the job in question. *Hood v. Diamond Prods., Inc.*, 658 N.E.2d 738, 741 (Ohio 1996). Once the plaintiff establishes a prima facie case, the burden shifts to the employer to set forth a legitimate, nondiscriminatory reason for its action. *Id.* The burden then shifts back to the employee to demonstrate that the employer's stated reason was a pretext designed to mask impermissible discrimination. *Id.*

Service Merchandise argues that Covucci failed to establish a prima facie case of discrimination because he was unable to show that he was handicapped. The district court agreed with this argument in granting summary judgment for Service Merchandise. There is no need for

us to analyze the elements of Covucci's prima facie case, however, in order to resolve this lawsuit. Instead, we will proceed to the second and third parts of the burden-shifting analysis because, even if we were to assume that Covucci had made out a prima facie case, he failed to show that Service Merchandise's stated nondiscriminatory reason for his termination was pretextual.

As its nondiscriminatory reason for discharging Covucci, Service Merchandise asserts that Covucci violated the company's Leaves of Absence Policy. The policy provides in pertinent part as follows:

> The employment of an associate will be terminated if the associate fails to return to work from a leave of absence in a timely manner or chooses not to return to work from a medical leave upon release of the attending physician.
>
> . . .
>
> The maximum length of a leave of absence for an associate's own illness or injury or military duty will be one year.
>
> . . .
>
> An associate who fails to return to work on the scheduled return to work date and/or who, needing an extension to the leave, has not received an approved extension from management may be terminated.

Covucci was not in compliance with the policy when he failed to return to work upon release by his treating physician in October of 1994. He also failed to provide Service Merchandise with any Excuse from Work forms between November of 1994 and February of 1995. Moreover, even if he had submitted the requisite paperwork, Service Merchandise was entitled to terminate Covucci because his leave of absence exceeded the one-year maximum stated in the policy. (Covucci's leave began on February 25, 1994; he was terminated on February 28, 1995.)

Finally, Covucci failed to demonstrate that Service Merchandise's proffered nondiscriminatory reason for terminating him was pretextual. The leave-of-absence policy does not distinguish between handicapped and nonhandicapped individuals. Instead, it imposes a uniform approach in that it provides for the termination of any employee who does not return to work at the end of an authorized leave period or whose absence due to illness, injury, or military service exceeds one year. Nor has Covucci presented any evidence that Service Merchandise applied its policy unfairly or inconsistently. Because Covucci has failed to raise any genuine issue of material fact as to the legitimacy of Service's Merchandise's reason for terminating him, he cannot succeed in his statutory discrimination claim.

## C.    Covucci's public-policy claims

Covucci also contends that Service Merchandise terminated him in violation of Ohio public policy, as expressed in Ohio Rev. Code § 4112 (relating to handicap discrimination claims) and § 4123.90 (relating to workers' compensation claims). The elements of the tort of wrongful discharge in violation of Ohio public policy are that: (1) a clear public policy exists in a statute, regulation, or common law, (2) discharging employees under circumstances like those involved in the present case would jeopardize the policy, (3) the discharge at issue was motivated by conduct related to the policy, and (4) there was no overriding business justification for the discharge. *Kulch v. Structural Fibers, Inc.*, 677 N.E.2d 308, 321 (Ohio 1997) In limited situations, an employee may bring a claim of tortious violation of public policy regardless of whether a statutory remedy exists. *Cf. Ferraro v. B.F. Goodrich Co.*, 777 N.E.2d 282 (Ohio Ct. App. 2002) (permitting a suit for

wrongful discharge in violation of public policy based on age discrimination despite the fact that a separate statutory remedy exists for age discrimination).

As to Covucci's public-policy claim based on § 4112, the statute itself is evidence of a clear public policy against disability discrimination. But, as noted above, Covucci failed to establish that his discharge was motivated by unlawful discrimination based on an alleged handicap. His public-policy claim therefore lacks merit. *See Cochran v. Columbia Gas of Ohio, Inc.,* 742 N.E.2d 734, 740 (Ohio Ct. App. 2000) (holding that an employee who failed to establish a prima facie case of handicap discrimination could not sustain a claim of wrongful discharge based on public policy).

Similarly, Covucci's public-policy claim based on § 4123.90 is without merit. Section 4123.90 prohibits employers from taking retaliatory action against employees who file workers' compensation claims. But Covucci has not offered any evidence that Service Merchandise rejected or delayed his workers' compensation claim or that the company took any other retaliatory action in response to the filing of his claim. In fact, Covucci remained employed by Service Merchandise for nearly a year after his claim was filed.

Covucci's common law claim is also barred because he did not comply with the procedural mandates of § 4123.90. *Cf. Kulch*, 677 N.E.2d at 322-23 (holding that a plaintiff who had not strictly complied with the requirement of Ohio Rev. Code § 4113.52, the whistleblowing statute, could not pursue a public-policy common law claim based on the same statute). Section 4123.90 provides that any action instituted by an employee to redress a violation "shall be forever barred unless filed within one hundred eighty days immediately following the [adverse action], and no action may be instituted or maintained unless the employer has received written notice of a claimed

violation . . . within ninety days immediately following the [adverse action]." § 4123.90. Covucci

failed to comply with either of the time deadlines. He cannot, therefore, secure the protections

embodied in the statute by asserting a common law claim as a means of bypassing the statutory

requirements. *Cf. Kulch*, 677 N.E.2d at 322-23.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.