JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Connie Brooks, appeals from the trial court's dismissal of her wrongful discharge complaint against her former employer, defendant-appellee QualChoice, Inc. Brooks' sole assignment of error contends that the trial court erred when it granted QualChoice's Civ. R. 12(B)(6) motion to dismiss.
 {¶ 2} This court's review of a motion to dismiss pursuant to Civ. R. 12(B)(6) is de novo. Vail v. Plain Dealer Publishing Co.,72 Ohio St.3d 279, 280, 1995-Ohio-187, 649 N.E.2d 182. All factual allegations of the complaint "must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Bryd v. Faber
(1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, citing Mitchell v. LawsonMilk Co. (1988), 40 Ohio St.3d 190, 192, 523 N.E.2d 753. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Olson v. James (Nov. 30, 2000), Cuyahoga App. No. 77398.
 {¶ 3} As alleged in her wrongful discharge complaint, filed on February 18, 2004, Brooks started her employment with QualChoice in May 1999. On January 8, 2003, she "was injured in the course of and arising out of her employment with Defendant." As a result of the injury, Brooks filed a claim for benefits pursuant to the Ohio Workers' Compensation Act. QualChoice provided Brooks with a twelve-week leave of absence, and she received benefits for temporary total disability ("TTD").
 {¶ 4} On March 17, 2003, prior to the expiration of the twelve-week leave, Brooks returned to her position, working half-days until May 6, 2003, when she was no longer able to work. On May 19, 2003, Brooks returned to work, and worked up until June 3, 2003. On June 4, 2003, QualChoice placed Brooks on medical leave of absence for thirty days. Brooks was unable to return to work at the expiration of that leave. Brooks never reapplied for TTD. In a letter dated July 30, 2003, QualChoice notified Brooks that her employment with QualChoice was terminated, effective July 31, 2003.
 {¶ 5} Brooks now claims that the trial court, by granting QualChoice's Civ. R. 12(B)(6) motion to dismiss, failed to recognize that a public policy violation occurred when QualChoice terminated her employment in retaliation of her filing a workers' compensation claim and her "inability to work." Considering the allegations in the light most favorable to Brooks, her contention lacks merit.
 {¶ 6} In support of her contention, Brooks relies on Coolidge v.Riverdale Local School Dist., 100 Ohio St.3d 141 2003-Ohio-5357,797 N.E.2d 61, wherein the Supreme Court of Ohio held that:
 {¶ 7} "An employee who is receiving TTD compensation pursuant to R.C. 4123.56 may not be discharged solely on the basis of absenteeism or inability to work, when the absence or inability to work is directly related to an allowed condition."
 {¶ 8} The Supreme Court of Ohio set forth entitlement to TTD in Stateex rel. Ramirez v. Industrial Comm. (1982), 69 Ohio St.2d 630,433 N.E.2d 586:
 {¶ 9} "An employee is entitled to be paid total temporary disability when injured and unable to work until one of the following three things occur: (1) he has returned to work, (2) his treating physician has made a written statement that he is capable of returning to his former position of employment, or (3) the temporary disability has become permanent." Id. at 632.
 {¶ 10} Here, Brooks applied for and received TTD after her injury on January 8, 2003. Brooks then returned to her position with QualChoice on March 17, 2003. At that point, Brooks was no longer entitled to receive TTD benefits. Brooks never subsequently reapplied for TTD. Thus, when Brooks was terminated by QualChoice, she was not absent from work on a permissible TTD claim through workers' compensation. Therefore, Brooks' reliance on Coolidge, supra, is misplaced, as she was not on an allowed claim for TTD at the time of her termination.
 {¶ 11} Moreover, contrary to Brooks' suggestion, Coolidge does not create a public policy exception for absenteeism to at-will employment situations. At issue in Coolidge was whether the plaintiff's alleged termination in retaliation for absenteeism was in contravention of public policy as expressed in the Workers' Compensation Act. The Coolidge court found that "the policy of protection embodied in the Workers' Compensation Act can be effectuated only if an employer is not permitted to discharge an employee for being absent from work due to an allowed injury for which the employee is receiving TTD compensation." Id. at 150. Thus, the Coolidge court did not create a new cause of action but, rather, expanded the type of action that constitutes retaliation under R.C. 4123.90 to include termination for absenteeism while on TTD.
 {¶ 12} Accordingly, Brooks' public policy claim must necessarily have been based upon R.C. 4123.90. R.C. 4123.90 provides:
 {¶ 13} "No employer shall discharge * * * any employee because the employee filed a claim * * * under the workers' compensation act for an injury * * * which occurred in the course of and arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment * * *. The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge, * * * and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge * * *."
 {¶ 14} In Contreras v. Ferro Corp. (1995), 73 Ohio St.3d 244,652 N.E.2d 940, the Supreme Court of Ohio held that a wrongful discharge claim can only be maintained when the underlying statutory claim is viable:
 {¶ 15} "If appellant was entitled to maintain a Greeley [v. MiamiValley Maintenance Contr., Inc. (1990), 49 Ohio St.3d 228, 551 N.E.2d 981] claim, an issue that today we do not decide, then that claim would have to be based upon the public policy embodied in R.C. 4113.52. Since appellant did not comply with the statute in the first instance he would have no foundation for a Greeley claim if, in fact, he was entitled to assert such a claim. Therefore, in this case the issue is moot." Id. at 251.
 {¶ 16} Brooks' reliance on Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, 677 N.E.2d 308, for the proposition that she is not required to follow the requirements of R.C. 4123.90, is misplaced. Kulch
dealt with a new public policy exception created by the Supreme Court of Ohio with respect to OSHA. As already stated, Coolidge, supra, did not create a separate and distinct public policy cause of action with regard to workers' compensation. Moreover, the Kulch Court held "that an at-will employee who is discharged or disciplined in violation of the public policy embodied in R.C. 4113.52 may maintain a common law cause of action against the employer pursuant to Greeley and its progeny so long as that employee had fully complied with the statute * * *."
 {¶ 17} Here, Brooks failed to comply with the notice and timeliness requirements of R.C. 4123.90. That failure was fatal to her wrongful discharge claim.
 {¶ 18} Moreover, Brooks' public policy claim fails because she cannot establish the jeopardy element of the claim. In particular, the jeopardy element requires a plaintiff to prove that dismissing him or her under circumstances like those involved in this case would jeopardize the public policy. Wiles v. Medina Auto Parts, 96 Ohio St.3d 240,2002-Ohio-3994, 773 N.E.2d 526. In Wiles, the Supreme Court of Ohio considered whether a plaintiff should be allowed to maintain a common law wrongful termination claim when a statutory remedy was available under the FMLA. The Wiles Court held that "there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests." Id. at 244.
 {¶ 19} Accordingly, the statutory provisions of R.C. 4123.90 govern this case. As Brooks failed to meet the notice and filing requirements of the statute, she failed to present a claim upon which relief can be granted. Accordingly, the trial court properly granted QualChoice's Civ. R. 12(B)(6) motion to dismiss.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Rocco, J., concur.