DECISION.
{¶ 1} Plaintiff-appellant Shelley Bickers appeals from the trial court's dismissal of her complaint against defendant-appellee, Western Southern Life Insurance Company, Inc., pursuant to Civ.R. 12(B)(6).
 Facts and Procedural History {¶ 2} On June 24, 1994, Bickers was injured in the course of her employment with Western Southern.[1] Bickers filed a claim for her injuries with the Ohio Bureau of Workers' Compensation, and the claim was ultimately allowed for multiple conditions involving her arms. Because of the restrictions caused by her injuries, Bickers was unable to perform her usual job tasks and incurred various periods of disability. One such period was from December 7, 2001, through May 15, 2002. During this period, Western Southern refused to provide Bickers with any modified or alternative work. On April 28, 2002, while Bickers was still on disability leave, Western Southern terminated her employment. At the time of her termination, Bickers was receiving temporary total disability compensation for her injuries.
 {¶ 3} On December 30, 2003, Bickers filed a complaint for wrongful discharge asserting four causes of action. Bickers, relying upon the Ohio Supreme Court's decision in Coolidge v.Riverdale Local School District,[2] alleged, among other things, that she had been wrongly terminated from her employment with Western Southern while she was receiving temporary total disability benefits. Western Southern moved for the dismissal of Bickers's complaint, which the trial court granted on May 5, 2004. Although the trial court dismissed all Bickers's claims, she has only appealed from that portion of the trial court's judgment dismissing her public-policy claim based onCoolidge.[3]
 Analysis {¶ 4} In two interrelated assignments of error, Bickers argues that the trial court erred in dismissing her public-policy claim based on Coolidge. The trial court held that the Ohio Supreme Court's decision in Wiles v. Medina Auto Parts[4]
foreclosed Bickers's public-policy claim because R.C. 4123.90 had already provided Bickers with an adequate remedy to protect her interests. The court then concluded that because Bickers had failed to comply with the requirements of R.C. 4123.90, her public-policy claim was barred.
 Standard of Review {¶ 5} "We review de novo dismissals by the trial court under Civ.R.12(B)(6). In determining the appropriateness of a dismissal, we, like the trial court, are constrained to take all the allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor, and then to decide if the plaintiff has stated any basis for relief. [Citation omitted.] A dismissal should be granted only if the plaintiff can prove no set of facts that would entitle it to relief. [Citation omitted.]"[5]
 Coolidge v. Riverdale Local School District {¶ 6} In her first assignment of error, Bickers contends that the trial court erred in dismissing her complaint for failure to state a cognizable claim when the Supreme Court had specifically recognized such claim in Coolidge.
 {¶ 7} In Coolidge, the Ohio Supreme Court joined a minority of states in holding that "[a]n employee who is receiving temporary total disability compensation pursuant to R.C. 4123.56
may not be discharged solely on the basis of absenteeism or inability to work, when the absence or inability to work is directly related to an allowed condition."[6] Coolidge
involved a public school teacher who had been assaulted by a student and was receiving temporary total disability benefits under the Workers' Compensation Act when she was discharged from employment.[7]
 {¶ 8} The teacher, admitting that she had no claim under R.C.4123.90, argued instead that her discharge contravened public policy as set forth in two sections of the Workers' Compensation Act: R.C. 4123.90, which prohibits employers from taking retaliatory action against employees who file workers' compensation claims, and R.C. 4123.56, which provides temporary total disability compensation to employees who are too injured to return to work.[8]
 {¶ 9} The Ohio Supreme Court, acknowledging that it had "never decided whether discharges for absenteeism caused by allowed workers' compensation injuries [we]re violative of public policy in the absence of retaliatory motive,"[9] reviewed case law from Ohio appellate courts that had strictly interpreted Ohio's anti-retaliation statute, R.C. 4123.90, as well as public-policy decisions from other state courts.[10] The court found the view espoused by a minority of courts, that an employer violates public policy when it discharges or otherwise penalizes a temporarily and totally disabled employee, to be more tenable than the majority position, which held that an injured employee could be discharged or penalized because R.C. 4123.90
and similar anti-retaliation statutes were limited in scope to protecting only those employees who had invoked or participated in workers' compensation proceedings.[11] Consequently, the court held that because "Coolidge's absence and inability to work were due entirely to a work-related injury for which she was receiving ongoing TTD compensation, her discharge constitute[d] a violation of public policy and, therefore, [wa]s without good and just cause under R.C. 3319.16."[12]
 {¶ 10} A number of federal district courts have interpretedCoolidge as creating a public-policy exception to the employment-at-will doctrine.[13] In Ohio, however, the Eighth Appellate District has rejected this notion, holding instead that Coolidge merely "expanded the type of action that constitute[s] retaliation under R.C. 4123.90 to include termination for absenteeism while on TTD."[14] Because we find the federal courts' interpretation of Coolidge to be more tenable than that advanced by the Eighth Appellate District, we sustain Bickers's first assignment of error.
 Wiles v. Medina Auto Parts Does Not Preclude Bickers's Public-Policy Claim {¶ 11} In her second assignment of error, Bickers alleges that the trial court also erred in dismissing her public-policy claim on the basis that she had an adequate remedy available pursuant to R.C. 4123.90 and thus could not meet the jeopardy element of the claim.
 {¶ 12} The Ohio Supreme Court has held that an at-will employee can maintain a wrongful-discharge claim even when the public policy derives from a statute that already provides a remedy, as long as the remedy provided is not exclusive or sufficiently comprehensive.[15] In Boyd v. Winton HillsMedical Health Ctr., this court, relying upon the supreme court's decisions in Kulch v. Structural Fibers,Inc.,[16] Livingston v. Hillside Rehab. Hosp.,[17]
and Balyint v. Arkansas Best Freight System, Inc.,[18]
held that an at-will employee could pursue a public-policy claim under R.C. 4123.90 because R.C. 4123.90 provided a plaintiff with only equitable relief. Thus, we concluded that a common-law claim was necessary to provide a plaintiff with the right to a trial by jury and/or compensatory or punitive damages.[19]
 {¶ 13} Three years later, the Ohio Supreme Court decidedWiles v. Medina Auto Parts.[20] In a 4-to-3 decision, the court held that an at-will employee could not premise a claim for wrongful discharge in violation of public policy upon his employer's violation of the Family Medical Leave Act, because the remedies provided within the act were sufficiently comprehensive to render unnecessary the recognition of a separate common-law claim based solely on the act.[21] Three members of theWiles court joined in the analysis, which criticized the court's earlier holding in Kulch, signaling that those justices intended to interpret the public-policy exception more narrowly.[22]
 {¶ 14} Since Wiles, a split of authority has developed among Ohio appellate districts regarding the existence of a public-policy exception to the employment-at-will doctrine for employees who are discharged in retaliation for filing a workers' compensation claim. The First,[23] Second,[24]
Fifth,[25] Tenth,[26] Eleventh[27] and Twelfth[28] Appellate Districts have held that an at-will employee can pursue a public-policy claim based on R.C. 4123.90, while the Eighth[29] and Ninth[30] Appellate Districts, citing Wiles, have refused to permit a separate public-policy claim under R.C. 4123.90. The Ohio Supreme Court, acknowledging that a conflict exists, has accepted the issue for review.[31]
 {¶ 15} While we recognize that Coolidge dealt with an employee under a collective-bargaining act and thus did not address the traditional four elements necessary for a public-policy claim, we believe the court's analysis applies equally to at-will employees. For this court to hold that public policy would not be jeopardized if Bickers were not allowed to pursue her public-policy claim would run counter to the supreme court's reasoning in Coolidge and would not "obviate the apparent injustice the court noted in recognizing the narrow scope of R.C. 4123.90."[32] Because we find the language in the Coolidge opinion, when combined with the earlier plurality analysis of the supreme court in Kulch and Balyint, to be more persuasive than the plurality opinion in Wiles, we hold that the trial court erred in concluding that R.C. 4123.90
provided Bickers with an adequate remedy.
 {¶ 16} Likewise, we hold that the trial court erred in finding that Bickers had to comply with the procedural requirements of R.C. 4123.90 to assert an actionable claim underCoolidge.[33] While we recognize that a number of courts, analogizing public-policy claims under R.C. 4123.90 to public-policy claims under the whistleblower statute, have held that a plaintiff must comply with the notice and timeliness requirements of R.C. 4123.90 for a public-policy claim to be viable,[34] we find those cases to be inapplicable to Bickers's claim. In Coolidge, the supreme court created a new public-policy exception that was based not only on the public policy in R.C. 4123.90, but also on the public policy embodied in R.C. 4123.56. Notably absent from the court's analysis was any discussion of the procedural requirements in R.C. 4123.90. Instead, the Coolidge court held that injured employees are entitled to whatever rights are provided by the "provisions and policies of the Workers' Compensation Act regardless of whether comparable protections are provided to employees by other bodies of law."[35] Because imposing the statutory and notice requirements under R.C. 4123.90 would run counter to the supreme court's reasoning in Coolidge, we must conclude that the trial court erred in dismissing Bickers's claim on this basis as well.
 Bickers Has Alleged Sufficient Facts to Withstand Dismissal under Civ.R. 12(B)(6) {¶ 17} Western Southern Life contends that even if Coolidge
created a new cause of action and Wiles does not preclude her claim, the trial court was still entitled to dismiss Bickers's claim because she failed to state a cause of action underCoolidge. We disagree.
 {¶ 18} In her complaint, Bickers alleged that she had sustained a work-related injury, and that she was on leave from employment, receiving temporary total disability benefits for her injuries when Western Southern terminated her employment. The reasonable inferences drawn from Bickers's factual allegations fall within the rubric of Coolidge.[36] Moreover, our decision is consistent with the policy of Ohio courts to decide cases on their merits rather than on pleading technicalities.[37]
 Conclusion {¶ 19} Because the Ohio Supreme Court held in Coolidge that an employer violates the public-policy embodied in R.C. 4123.90
and 4123.56 when it discharges or otherwise penalizes a temporarily and totally disabled employee, and because Bickers has pleaded the facts necessary to support such a claim, we sustain Bickers's assignments of error. Consequently, we reverse that portion of the trial court's judgment dismissing herCoolidge claim and remand this case for further proceedings in accordance with this decision and the law.
Judgment reversed in part and cause remanded.
Gorman, P.J., and Painter, J., concur.
[1] The facts are taken from Bickers's complaint and are considered to be true for the purposes of this appeal. See Perezv. Cleveland (1993), 66 Ohio St.3d 397, 399, 613 N.E.2d 199.
[2] 100 Ohio St.3d 141, 2003-Ohio-5357, 797 N.E.2d 61.
[3] 100 Ohio St.3d 141, 2003-Ohio-5357, 797 N.E.2d 61.
[4] 96 Ohio St.3d 240, 2002-Ohio-3994, 773 N.E.2d 526.
[5] Tri-State Computer Exchange, Inc. v. Burt, 1st Dist. No. C-020345, 2003-Ohio-3197, at ¶ 11.
[6] Coolidge, supra, at syllabus.
[7] Id. at ¶¶ 2-11.
[8] Id. at ¶¶ 21-24.
[9] Id. at ¶ 25.
[10] Id. at ¶¶ 25-41.
[11] Id. at ¶¶ 26, 28, 42-44.
[12] Id. at ¶ 52.
[13] Hall v. ITT Automotive (N.D.Ohio 2005),362 F.Supp.2d 952, 962; Welty v. Honda of Am. Mfg. (S.D. Ohio 2005), 2005 U.S. Dist. LEXIS 10872; Salyer v. Honda of Am. Mfg. (S.D.Ohio 2005), 2005 U.S. Dist Lexis 20933; see, also, Ellis, Absenteeism Due to a Work-Related Injury: A Critique of Ohio's Most Recent Public Policy Exception (1994), 54 Case W.Res.L.Rev. 1415.
[14] Brooks v. Qualchoice, Inc., 8th Dist. No. 85692,2005-Ohio-5136, at ¶ 11.
[15] Kulch v. Structural Fibers, 78 Ohio St.3d 134, 154-155, 1997-Ohio-219, 677 N.E.2d 308.
[16] 78 Ohio St.3d 134, 1997-Ohio-219, 677 N.E.2d 308.
[17] 79 Ohio St.3d 249, 1997-Ohio-155, 680 N.E.2d 1220.
[18] (1985), 18 Ohio St.3d 126, 480 N.E.2d 417.
[19] (1999), 133 Ohio App.3d 150, 162, 727 N.E.2d 137.
[20] 96 Ohio St.3d 240, 2002-Ohio-3994, 773 N.E.2d 526.
[21] Id. at ¶ 22.
[22] Id. at ¶¶ 18-20.
[23] Boyd, supra, at 162; Kent v. Chester Labs., Inc.
(2001), 144 Ohio App.3d 587, 594, 761 N.E.2d 60; Doss v. HilltopRental Co., 1st Dist. No. C-030129, 2003-Ohio-5259, at ¶ 52.
[24] Schramm v. Appleton Papers, Inc., 162 Ohio App.3d 270,2005-Ohio-3663, 833 N.E.2d 336, at ¶¶ 28-31.
[25] Nickerson-Mills v. Family Medicine of Stark Cty., 5th Dist. No. 2004CA00389, 2005-Ohio-3547, at ¶¶ 23-24; Limbacher v.Penn-Ohio Coal Co., 5th Dist. No. 2001AP070065, 2002-Ohio-2870, at ¶¶ 56-57.
[26] Sidenstricker v. Miller Pavement Maintenance, Inc.,158 Ohio App.3d 356, 2004-Ohio-4653, 815 N.E.2d 736, at ¶¶ 11-12.
[27] Hildebrecht v. Premier Machine Products, Inc., 11th Dist. No. 2000-L-086, 2001-Ohio-8805.
[28] Rauhuff v. American Fan Co. (June 21, 1999), 12th Dist. No. CA98-09-188.
[29] See Brooks, supra, at ¶¶ 17-19; but, see, Balog v.Matteo Aluminum, Inc., 8th Dist. No. 82090, 2003-Ohio-4937, at ¶¶ 27-31 (where another panel of the court permitted a plaintiff to pursue a public-policy claim under R.C. 4123.90).
[30] Coon v. Technical Construction Specialties, Inc., 9th Dist. No. C.A. 22317, 2005-Ohio-4080.
[31] Sidenstricker v. Miller Pavement Maintenance, Inc.,104 Ohio St.3d 1459, 2005-Ohio-204, 821 N.E.2d 576.
[32] See Welty, supra.
[33] R.C. 4123.90 provides that any action instituted by an employee to redress a violation "shall be forever barred unless filed within one hundred eighty days immediately following the [adverse action], and no action may be instituted or maintained unless the employer has received written notice of a claimed violation * * * within ninety days immediately following the [adverse action] taken."
[34] Stephenson v. Yellow Freight Systems, Inc. (Oct. 26, 1999), 10th Dist. No. 99AP-77; Butler v. Cleveland ChristianHome, 8th Dist. No. 86108, 2005-Ohio-4425, at ¶ 10; Brooks,
supra, at ¶ 12-17; see, also, Jakischa v. Central Park Express
(C.A.6, 2004), 106 Fed.Appx. 436, 440-441; Covucci v. Serv.Merch. Co., Inc. (C.A.6, 2004), 115 Fed.Appx. 797, 800-801;Robinson v. Central Brass Mfg. Co. (N.D.Ohio 1991),818 F.Supp. 207, 211; Arthur v. Armco, Inc. (S.D.Ohio 2000),122 F.Supp.2d 876, 880-881.
[35] Coolidge, supra, at ¶ 45.
[36] Welty, supra.
[37] See State ex rel. Montgomery v. RD Chemical Co.,72 Ohio St.3d 202, 204, 1995-Ohio-21, 648 N.E.2d 821.