**[Cite as *In re C.R.*, 2021-Ohio-2456.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

**IN RE:**

    **C.R.,**

**CASE NO. 9-20-42**

**ADJUDICATED**
**DELINQUENT CHILD.**

**O P I N I O N**

**Appeal from Marion County Common Pleas Court**
**Family Division**
**Trial Court No. 2019 DL 00347**

**Judgment Reversed and Cause Remanded**

**Date of Decision: July 19, 2021**

**APPEARANCES:**

    *Nathan Heiser* **for Appellant**

    *Caleb Carson, III* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Appellant, the State of Ohio, appeals from the judgment of the Marion County Court of Common Pleas, Family Division, declining to classify the appellee, C.R., as a "[j]uvenile offender registrant". For the reasons that follow, we reverse.

{¶2} This case stems from a November 9, 2018 altercation between C.R. and other juveniles in an institution operated by the Ohio Department of Youth Services ("ODYS") wherein "Jane Doe", an employee of ODYS, tried to intervene to stop the fight. (Nov. 2, 2020 Tr. at 8). This incident occurred while C.R., a child, was institutionalized at an ODYS institution pursuant to a commitment to ODYS. (*Id.* at 7-8); (Oct. 1, 2019 Tr. at 3-11); (Doc. No. 1).

{¶3} As a result of the altercation and in February 2019, a complaint was filed with the Cuyahoga County Common Pleas Court, Juvenile Division, alleging C.R. was a "[d]elinquent child" for committing acts that if charged as an adult would constitute Assault in violation of R.C. 2903.13(A), a third-degree felony; Aggravated Riot in violation of R.C. 2917.02(B)(2), a third-degree felony; and Gross Sexual Imposition ("GSI") in violation of R.C. 2907.05(A)(1), a fourth-degree felony. (Nov. 2, 2020 Tr. at 9-10); (Doc. No. 1).

{¶4} In July 2019, C.R. entered an admission to Count Three (as amended) to Attempted GSI under R.C. 2923.02 and R.C. 2907.05(A)(1), a fifth-degree

felony. (*Id.*). The trial court thereafter adjudicated C.R. a "[d]elinquent child".[1] (*Id.*). At the initial disposition hearing held in Cuyahoga County and prior to the issuance of dispositional orders, it became apparent to the trial court (based on the probation report) that C.R. was a legal resident of Marion County, Ohio. (*Id.*). Thereafter, the Cuyahoga County trial court transferred the case to Marion County Common Pleas Court, Family Division, for disposition, which Marion County accepted. (Doc. Nos. 1, 2). *See* Juv.R. 11; R.C. 2151.271.

{¶5} At the further dispositional hearing held in October 2019 in Marion County, the dispositional court ordered that C.R. remain in the Indian River Juvenile Correctional Facility of ODYS pending an assessment; that he be continued for an indefinite period of community control; and that, a commitment to ODYS for a minimum of six months be imposed. (Oct. 1, 2019 Tr. at 11-12); (Doc. No. 4). Moreover, the dispositional court ordered that the 6-month commitment to ODYS run concurrent with the one-year commitment imposed in C.R.'s companion case.[2] (*Id.*); (*Id.*).

{¶6} Thereafter, having been notified that C.R. was scheduled for release on November 10, 2020, the dispositional court scheduled a sex-offender classification

---

[1] It appears from the limited record before us arising from Cuyahoga County Common Pleas Court, Juvenile Division, that the Assault and Aggravated-Riot charges were dismissed on the State's motion. (Mar. 15, 2021 Supp. Records).

[2] C.R. had multiple companion cases before the dispositional court at the time of the further dispositional hearing. (Oct. 1, 2019 Tr. at 11-12). In addition to the commitment imposed herein, a second commitment to ODYS for a minimum of six months was imposed, which was also run concurrent to the one-year commitment referenced above. (*Id.*). The records for C.R.'s companion cases are not before us on appeal.

hearing and ordered that C.R. be transported for said hearing. (Nov. 2, 2020 Tr. at 2); (Doc. Nos. 5, 6). However, at the classification hearing, the dispositional court declined to classify C.R. as a "[j]uvenile offender registrant" pursuant to R.C. 2152.83(B). (*Id.* at 12); (Doc. No. 8).

{¶7} The State timely appeals the judgment of the dispositional court and raises one assignment of error for our review. (Doc. No. 9).

### Assignment of Error

**The Trial Court Erred By Failing To Classify C.R. As A Juvenile Sex Offender Registrant When It Was Required To Do So Under R.C. 2152.83.**

{¶8} In its sole assignment of error, the State argues that the decision of the dispositional court to not classify C.R. as a "[j]uvenile offender registrant" pursuant to the provisions set forth in R.C. 2152.83(A), and thus designate him as a Tier I, II, or III sex offender/child-victim offender under R.C. 2152.82(B)(5), is an error of law.

### *Standard of Review*

{¶9} Appellate courts apply a de novo standard of review to an appeal from a trial court's interpretation and application of a statute. *In re A.K.*, 9th Dist. Medina No. 09CA0025-M, 2009-Ohio-4941, ¶ 13, *rev'd on other grounds*, *In re Cases Held for the Decision in In re D.J.S.*, 130 Ohio St.3d 253, 2011-Ohio-5349. *See also In re Adoption of O.N.C.*, 3d Dist. Crawford No. 3-10-10, 2010-Ohio-5187, ¶ 11, citing

*Dawson v. Dawson*, 3d Dist. Union Nos. 14-09-08, 14-09-10, 14-09-11, and 14-09-12, 2009-Ohio-6029, ¶ 45, citing *State v. Wemer*, 112 Ohio App.3d 100, 103 (4th Dist.1996). A de novo standard of review requires an independent review of the trial court's decision without any deference to the trial court's determination. *In re J.M.*, 3d Dist. Wyandot No. 16-12-01, 2012-Ohio-4109, ¶ 15, citing *Arnett v. Precision Strip, Inc.*, 3d Dist. Auglaize No. 2-11-25, 2012-Ohio-2693, ¶ 10, citing *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346 (2d Dist.1992).

*Analysis*

{¶10} R.C. 2152.83 sets forth the process for juvenile-sex-offender registration and classification for a "[d]elinquent child" at the time of release from a secure facility. R.C. 2152.83; R.C. 2152.02(E). The timing of the classification hearing depends on the age of the child at the time he or she committed the offense.[3] *See* R.C. 2152.83(A)(1)(b), (B)(1)(b). Specifically, R.C. 2152.83(A) requires mandatory classification and registration of juvenile-sex offenders when the child

---

[3] R.C. 2152.83(A) applies to a juvenile who was 16 or 17 years old at the time he or she committed the offense. *See* R.C. 2152.83(A)(1)(b). When division (A) applies the juvenile court "shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue at the time of the child's release from the secure facility an order that classifies the child a "[j]uvenile offender registrant" and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06." (Emphasis added.) R.C. 2152.83(A)(1). R.C. 2152.83(B) applies when the juvenile was 14 or 15 at the time he or she committed the offense. *See* R.C. 2152.83(B)(1)(b). Under division (B), the court is not required to classify the juvenile as a "[j]uvenile offender registrant". Instead, the court, "on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility a hearing" to determine whether the juvenile should be classified. (Emphasis added.) R.C. 2152.83(B)(1), (2).

is adjudicated delinquent for a "[s]exually oriented offense" or a "[c]hild-victim oriented offense"; the child was 16 or 17 years old at the time the offense was committed; and the court was not required to classify the child as either a "[j]uvenile offender registrant" or "[p]ublic registry qualified juvenile offender" under other specified provisions of the Revised Code. R.C. 2152.83(A)(1)(a)-(c). *See also* R.C. 2950.01(B)(1), (M), (N).

{¶11} Once the trial court determines R.C. 2152.83(A)(1)(a)-(c) is applicable and prior to issuing its order under division (A)(2), the trial court must conduct a hearing as set forth in R.C. 2152.831 to determine whether the child is a Tier I, II, or III sex offender/child-victim offender and must include the trial court's determinations identified as set forth in R.C. 2152.82(B)(5) in that order. R.C. 2152.82(B)(5); R.C. 2152.83(A)(2); R.C. 2151.831(A). While mandatory registrants are not permitted a hearing prior to the imposition of the duty to register, the trial court is still afforded some discretion over mandatory registrants as to Tier classification and the registrant's ability to seek modification of their registration duties. *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, ¶ 33; *In re T.M.*, 11th Geauga No. 2016-G-0060, 2016-Ohio-8425, ¶ 10-11. Moreover, at a completion-of-disposition orders hearing, the trial court may exercise its discretion to continue the Tier classification, modify it, or declassify the "[j]uvenile offender registrant".

*In re D.R.*, 1st Dist. Hamilton No. C-190594, 2021-Ohio-1797, ¶ 17, citing R.C. 2152.84. *See also* R.C. 2152.85; R.C. 2152.851.

**{¶12}** Indeed, according to our review of the record, there was no dispute that C.R. was scheduled to be released from a secure facility (at the time of the hearing) after serving an ODYS commitment based upon an act in which he was adjudicated a "[d]elinquent child" on or after January 1, 2002. Further, there was no dispute that C.R. was 16 years old at the time of the commission of the offense or that R.C. 2152.83 is the applicable statute.[4] (Nov. 2, 2020 Tr. at 2, 10). (*See* Doc. Nos. 1, 5, 6); R.C. 2152.02(A), (B), (C)(1), (C)(3), (E)(1); R.C. 2152.83(A)(1)(a)-(c). Hence, the only remaining issue before this court is whether an Attempted GSI constitutes a "[s]exually oriented offense" under R.C. 2152.02 and R.C. 2950.01.[5] R.C. 2152.02 provides in its pertinent part:

---

[4] To the extent that C.R. now asserts that the State was required to submit additional proof (by way of testimonial or documentary evidence) of C.R.'s age at the time of commission of his offense during his classification hearing, his argument is specious. (Appellee's Brief at 3). Indeed, the dispositional court was aware of C.R.'s age because it was included in the judgment entry of discretionary transfer as a factual finding; C.R.'s date of birth, age, and the date of offenses were listed in the complaint, and the State argued that C.R. was 16 years old at the time he committed his offense (Attempted GSI), thereby, subjecting him to the mandatory classification and registration requirements set forth in R.C. 2152.83(A)(1) at the classification hearing. (Doc. No. 1); (Nov. 2, 2020 Tr. at 10-11). Certainly, C.R. never disputed that he did not meet the statutory criteria for mandatory classification and registration before the dispositional court and now raises error for the first time on appeal. *See In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, ¶ 17 (concluding where a "dispute cannot be resolved on the face of undisputed allegations in the complaint, we hold that the court must make a finding regarding age eligibility before subjecting the child to classification. However, that age-eligibility finding may occur, as it did here, prior to or at the classification hearing"). Consequently, the State was not required to put on evidence as to an age-eligibility finding since there was no dispute. *See id.*

[5] Instead, the dispositional court's focus was on factual determinations as to adjudication (which had previously been addressed by the Cuyahoga County trial court) and whether there was a pattern of "[s]exual conduct" as to the underlying facts. (Nov. 2, 2020 Tr. at 8). *See* R.C. 2907.01(A). *Compare* R.C. 2907.01(B).

-7-

(X) "Sexually oriented offense," "juvenile offender registrant," "child-victim oriented offense," "tier I sex offender/child-victim offender," "tier II sex offender/child-victim offender," "tier III sex offender/child-victim offender," and "public registry-qualified juvenile offender registrant" have the same meanings as in section 2950.01 of the Revised Code.

*See* R.C. 2152.02(X).  R.C. 2950.01 states in its pertinent parts:

(A) "Sexually oriented offense" means any of the following violations or offenses committed by a person, regardless of the person's age:

(1)  A violation of section 2907.02, 2907.03, *2907.05*, 2907.06, 2907.07, 2907.08, 2907.21, 2907.22, 2907.32, 2907.321, 2907.322, or 2907.323 of the Revised Code;

* * *

(14) Any *attempt to commit*, conspiracy to commit, or complicity in committing *any offense listed in division (A)(1)*, (2), (3), (4), (5), (6), (7), (8), (9), (10), (11), (12), or (13) of this section.

(Emphasis added.)  2950.01(A)(1), (14).  *See also* R.C. 2950.01(E)(1)(c), (h); R.C. 2950.01(F)(1)(c), (i); and R.C. 2950.01(G)(1)(b), (i).  Since Attempted GSI is considered a "[s]exually oriented offense" under R.C. 2950.01 and because the other statutory criteria as set forth in R.C. 2152.83(A)(1)(a)-(c) is applicable under the facts presented, we conclude that the dispositional court was required to classify C.R. as a "[j]uvenile offender registrant".  *See* R.C. 2950.01(M); R.C. 2152.83(A)(1)(a)-(c).

{¶13} Accordingly, we sustain the State of Ohio's sole assignment of error.

{¶14} Having found error prejudicial to the appellant herein in the particulars assigned and argued in his assignment of error, we reverse the judgment of the dispositional court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**