JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant Sarah Butler ("Butler") appeals from the trial court's decision that granted defendant-appellee The Cleveland Christian Home's ("Cleveland Christian Home") motion to dismiss the complaint for retaliation and wrongful discharge in violation of public policy. The Cleveland Christian Home argued that Butler's claims were untimely and failed to state a claim upon which relief could be granted. For the reasons that follow, we affirm.
 {¶ 3} Butler commenced this action on December 15, 2004, alleging her termination was in violation of R.C. 4123.90 and public policy. Butler stated she was terminated on June 17, 2004.[1] The Cleveland Christian Home moved to dismiss the action on January 24, 2005. On February 10, 2005, the trial court granted the motion. On March 11, 2005, Butler filed her notice of appeal asserting one assignment of error with two issues for our review.
 {¶ 4} "I. The trial court erred in dismissing plaintiff's complaint.
 {¶ 5} "A. Plaintiff's statutory claim is not barred by the applicable statute of limitations."
 {¶ 6} Butler argues that the statute of limitations contained in R.C.4123.90 commenced on the date she received notice of her termination, rather than the date on which notice of termination is sent. The law is clear, however, that the 180-day statute of limitations set forth in R.C. 4123.90, commences on the effective date of the employee's termination rather than the date the employee learns of the termination.Jackson v. Central Ohio Transit Auth. (Oct. 9, 1986), Franklin App. No. 86AP-459; Gleich v. J.C. Penney Co. (Aug. 8, 1985), Franklin App. No. 85AP-276; accord Potelicki v. Textron, Inc. (Oct. 21, 2000), Cuyahoga App. No. 77144 ("Ohio courts have refused to apply the discovery rule in R.C. 4123.90 cases.")
 {¶ 7} O'Rourke v. Collingwood Health Care, Inc. (April 15, 1988), Lucas App. No. L-87-345, relied on by Butler, is not applicable. InO'Rourke, the effective date of termination post-dated the notice of termination by three days.[2] O'Rourke commenced the action within 180 days of the effective date of termination.
 {¶ 8} Here, the effective date of Butler's termination was June 17, 2005; coincidentally the same date that appears on her termination letter. Butler did not commence this action within the 180-day statute of limitations.
 {¶ 9} "B. Plaintiff's claim for wrongful discharge in violation of public policy states a claim upon which relief may be granted."
 {¶ 10} Butler's wrongful discharge claim is based on the public policy set forth in Ohio's workers' compensation statutes, specifically, the prohibition against discriminating against employees who file workers' compensation claims. Assuming, without deciding, that Butler could maintain a common-law cause of action on this basis, she may do so only if she satisfied all applicable statutory requirements, including the 180-day statute of limitations. Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, paragraph three of the syllabus; see, also, Jakischav. Cent. Parcel Express, 106 Fed. Appx. 436, 440-441 (6th Cir. 2004), citing Stephenson v. Yellow Freight Systems, Inc. (Oct. 26, 1999), Franklin App. No. 99AP-77. Butler did not satisfy all the requirements set forth in the statutory law that gives rise to the public policy of her wrongful discharge claim.
 {¶ 11} Butler's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., concur.
[1] For purposes of a motion to dismiss, all factual allegations in a complaint are presumed true. Royce v. Smith (1981), 68 Ohio St.2d 106,108.
[2] Employer "sent a letter dated March 28, 1986, to appellant [employee], notifying her that she was discharged, effective April 1, 1986." O'Rourke, supra.