[Cite as *Leonard v. Res. Network*, 2013-Ohio-1192.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98975**

# BRIAN LEONARD

PLAINTIFF-APPELLANT

vs.

# THE RESERVE NETWORK

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-780084

**BEFORE:** Kilbane, J., Stewart, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 28, 2013

**APPELLANT**

Brian Leonard, pro se
2197 East 68th Street
Cleveland, Ohio 44103

**ATTORNEY FOR APPELLEE**

Barry Y. Freeman
One Cleveland Center
1375 East Ninth Street, Suite 1700
Cleveland, Ohio 44114

MARY EILEEN KILBANE, J.:

**{¶1}** Plaintiff-appellant, Brian Leonard, pro se, appeals from the order of the trial court that awarded summary judgment to defendant-appellee, The Reserve Network ("TRN"), in Leonard's action for retaliatory discharge. For the reasons set forth below, we affirm.

**{¶2}** Leonard was hired by TRN on August 29, 2011. On September 13, 2011, he was injured at the work site, and TRN directed him to seek medical treatment at an occupational medical center. Several days later, he applied for workers' compensation benefits.

**{¶3}** On September 19, 2011, Leonard was released to return to "full duty." He continued to experience pain, however, so he did not return to full duty, and TRN determined that he constructively quit his employment.

**{¶4}** On April 10, 2012, Leonard filed a complaint against TRN. In relevant part, he alleged that after applying for workers' compensation benefits, the TRN branch manager refused to take his calls or schedule him for work. Leonard asserted that TRN terminated him in retaliation for filing a workers' compensation claim, in violation of R.C. 4123.90.

**{¶5}** On May 15, 2012, TRN filed a "motion to dismiss and for summary judgment," alleging that Leonard filed the action outside the 180-day limitation period set forth in R.C. 4123.90, that he failed to provide TRN with the 90-day notice required in

R.C. 4123.90, and that the matter was barred by res judicata because he filed the same claim against TRN in the United States district court and did not prevail.

{¶6} On August 27, 2012, the trial court granted TRN's motion to dismiss and for summary judgment.

{¶7} Leonard now appeals, assigning the following error for our review:

The trial court committed reversible error by not asking for the letter of contact to [TRN,] and [TRN] did not comply with R.C. 4123.90 by not contacting me [to notify me] of my termination.

{¶8} Within this assignment of error, Leonard maintains that he did not receive written notice of his termination, and that TRN's branch manager falsely claimed that he refused to return to work so the deadlines set forth in R.C. 4123.90 should not apply herein.

{¶9} With regard to procedure, we note that an appellate court reviews a trial court's decision to grant or deny a Civ.R. 12(B)(6) motion de novo. *RMW Ventures, L.L.C. v. Stover Family Invest., L.L.C.*, 161 Ohio App.3d 819, 2005- Ohio-3226, 832 N.E.2d 118, ¶ 8 (3d Dist.), citing *Hunt v. Marksman Prods.*, 101 Ohio App.3d 760, 762, 656 N.E.2d 726 (9th Dist.1995). Civ.R. 12(B) provides:

When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are

specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

{¶10} A reviewing court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Mitnaul v. Fairmount Presbyterian Church*, 149 Ohio App.3d 769, 2002-Ohio-5833, 778 N.E.2d 1093 (8th Dist.). Therefore, this court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, 467 N.E.2d 1378 (6th Dist.1983).

{¶11} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶12} Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), the nonmoving party must set forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 1996-Ohio-211, 663 N.E.2d 639.

{¶13} With regard to the substantive law, we note that R.C. 4123.90 provides in

relevant part as follows:

> No employer shall discharge, demote, reassign, or take any punitive action
> against any employee because the employee filed a claim or instituted,
> pursued or testified in any proceedings under the workers' compensation act
> for an injury or occupational disease which occurred in the course of and
> arising out of his employment with that employer.  * * *  The action shall
> be forever barred unless filed within one hundred eighty days immediately
> following the discharge, demotion, reassignment, or punitive action taken,
> and no action may be instituted or maintained unless the employer has
> received written notice of a claimed violation of this paragraph within the
> ninety days immediately following the discharge, demotion, reassignment,
> or punitive action taken.

{¶14} Therefore, R.C. 4123.90 clearly requires that an employee who wishes to file a retaliatory discharge action must so notify the employer within 90 days of the discharge. *Longacre v. Penton Publishing Co.*, 8th Dist. No. 62967, 1993 Ohio App. LEXIS 3206 (June 24, 1993).  The failure to give the employer written notice of a claimed violation of R.C. 4123.90 within 90 days is a jurisdictional defect, and the action must be dismissed.  *Miller v. Premier Indus. Corp.*, 136 Ohio App.3d 662, 737 N.E.2d 594 (8th Dist.2000).  A trial court properly dismisses a claim for retaliatory discharge under R.C. 4123.90 where the intent-to-sue letter was not timely sent.  *Potelicki v. Textron, Inc.*, 8th Dist. No. 77144, 2000 Ohio App. LEXIS 4771 (Oct. 12, 2000).

{¶15} Further, the 180-day time period also operates as a limitations period. *Butler v. The Cleveland Christian Home*, 8th Dist. No. 86108, 2005-Ohio-4425, ¶ 10. However, the punitive action that forms the basis for a retaliatory discharge claim cannot occur subsequent to an unequivocal discharge. *Potelicki*, 8th Dist. No. 77144, 2000 Ohio App. LEXIS 4771 (Oct. 12, 2000).

{¶16} In this matter, Leonard alleges that his branch manager was "putting him off" when he contacted her about returning to work. Then,"[o]n September 29, I get a letter stating that the Reserve Network had told [the workers' compensation bureau that] I quit because of illness."

{¶17} In our view, the record therefore establishes that as of September 29, 2011, Leonard received unequivocal notification of his termination, and the 90-day and 180-day limitations periods began to run as of that date. Leonard was therefore required to provide the 90-day notice of the claimed violation by December 28, 2011, but he failed to do so. He was also required to file this action within 180 days of September 29, 2011, or by March 27, 2012, but did not do so until April 10, 2012. Accordingly, the trial court properly awarded TRN summary judgment herein.

{¶18} In any event, the record indicates that Leonard filed an action against TRN in the United States District Court for the Northern District of Ohio alleging that TRN retaliated against him for filing an injury complaint with the Ohio Industrial Commission. On February 21, 2012, the United States district court held that Leonard failed to state a claim for relief and that an appeal from the decision could not be taken in good faith.

*Leonard v. Res. Network*, N.D.Ohio No. 1:12-cv-00247 (Feb. 22, 2012). Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 114 Ohio St.3d 183, 193, 2007-Ohio-3831, 870 N.E.2d 1174. Accordingly, we agree with the trial court's determination that this matter is likewise barred by res judicata.

**{¶19}** The trial court properly entered judgment in favor of TRN.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, A.J., and
PATRICIA A. BLACKMON, J., CONCUR